UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

|  |  |
|---|---|
| SHACOLBRI WILLIAMS, | ) |
|  | ) |
| Plaintiff(s), | ) |
|  | ) |
| v. | ) |
|  | ) |
| COMPREHENSIVE HAND & PHYSICAL | ) |
| THERAPY, LIMITED PARTNERSHIP | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, SHACOLBRI WILLIAMS, sues the Defendant, COMPREHENSIVE HAND &
PHYSICAL THERAPY, and alleges:

1. This is an action to recover money damages for unpaid overtime under the laws of the
   United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §
   201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this
   Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Corporate Defendant is a Texas limited partnership, having its main place of business in
   Houston, Texas.  However, Defendant operates three physical therapy centers in Palm
   Beach County, Florida.  At all times material Defendant was and is engaged in interstate
   commerce.

## COUNT I: OVERTIME WAGE AND HOUR VIOLATION BY DEFENDANT

5. Plaintiff incorporates paragraphs 1-4 above.

6. This action is brought by Plaintiff to recover from unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Defendant operates as a partnership which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the Act's requirements.

8. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as

defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff was engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Act applies. Defendant runs physical therapy centers and, through its business activity, affects interstate commerce. Plaintiff's work for Defendant likewise affects interstate commerce. Plaintiff collected money for Defendant.

9.  While employed by Defendant, Plaintiff worked an average of 64 (sixty-four) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.

10. Plaintiff was named an office manager, but was a manager in name only. She performed the duties of a regular non-managerial employee including accepting payments, checking patients in and out, and made billing entries. She was not in charge or in command of any other employees and could not hire or fire other employees.

11. Plaintiff was paid a salary throughout her employment. The salary was $600 per week and did not include any overtime pay for the hours worked in excess of 40 hours per week. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

12. Prior to the completion of discovery and to the best of the knowledge of Plaintiff, at the time of the filing of this Complaint, a good faith estimate of the unpaid overtime wages are as follows:

    a.  $600 / 64 hours = $9.375 per hour x .5 halftime rate = $4.6875 overtime rate x 24 hours = $112.50 overtime per week x 104 weeks = $11,700.00 owed overtime x 2 liquidated damages = $23,400.00 in total damages plus fees and costs

13. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

14. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

15. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

16. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II: RETALIATORY DISCHARGE BY DEFENDANT

17. Plaintiffs incorporate herein paragraphs 1-16 above.

18. Plaintiff was employed by Defendant for approximately two years.

19. Plaintiff made several complaints about her hours worked over 40 in a week and lack of overtime pay.

20. Plaintiff was terminated on February 17, 2017.

21. The given reason for her termination was that she was being laid off due to lack of work.

22. Defendant quickly replaced and re-staffed her position.

23. Plaintiff had no disciplinary or performance problems at work.

24. Plaintiff was terminated because she requested her unpaid overtime wages.

25. Requesting unpaid overtime wages is protected activity under 29 USC 215.

26. Due to Plaintiff's retaliatory discharge, she has been damaged.

27. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment for Plaintiff and against Defendant on the basis of the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff general and compensatory damages in an amount to be determined; and

C.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

D.  Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues so triable as of right.

.

Dated: June 19, 2017.

Respectfully submitted,

By:   /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
786.708.7550

Attorney for Plaintiff